the courts to restrain any actions which are forbidden.

284 Pa. at 242, 130 A. at 409–410.

Justice SAYLOR files a Concurring Opinion.

SAYLOR, Justice, concurring.

To the extent that the majority's opinion can be read as endorsing a distinct category of attorney standing, separate from elector standing, I wish to note that I do not subscribe to such concept. Additionally, while I agree that the ballot question at issue is constitutionally infirm, I would reach this conclusion based upon the fact that it proposed two separate, and non-interdependent, changes to Article I, Section 9, in violation of Article XI, Section 1.

It is apparent from a review of the initiative that one principal aim was to confer upon the General Assembly the power to expand the permissible manner for presenting trial testimony of child witnesses in criminal proceedings. As the proposed amendment would accomplish this precise objective "notwithstanding" all other provisions of Article I, Section 9, there was no apparent need to separately alter Section 9's face-to-face clause. More fundamentally, the alteration of the face-to-face provision would affect a broader segment of rights than the category connected with the confrontation of a child witness;[1] therefore, the changes lacked the interdependence necessary to justify their presentation to voters within the framework of a single question. *See generally Clark v. State Canvassing Bd.*, 119 N.M. 12, 888 P.2d 458, 462 (1995)(striking a ballot question where two proposed changes related to the same subject, gambling, but the "rational linchpin" of inter-

dependence was missing); *Lee v. State*, 13 Utah 2d 15, 367 P.2d 861, 864 (1962)(striking a two-part amendment because the two provisions, though related, were not dependent upon each other). It is for this reason that I conclude that the constitutional alterations should not have been bundled, but rather, should have been posed separately.

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**J. H., Petitioner.**

Supreme Court of Pennsylvania.

June 21, 1999.

***ORDER***

PER CURIAM:

AND NOW, this 21st day of June, 1999, the Petition for Allowance of Appeal is hereby GRANTED, limited to the following issue:

Whether the Pennsylvania State Police, when faced with a motion to compel compliance with an order directing the expungement of an individual's criminal

---

1. The face-to-face clause of Article I, Section 9 of the Pennsylvania Constitution confers greater protection upon a criminal defendant than does the Sixth Amendment's confrontation clause. *Commonwealth v. Ludwig*, 527 Pa. 472, 594 A.2d 281 (1991). For example, the face-to-face clause precludes the introduction at trial of deposition testimony, unless the accused was present at the deposition. *See id.* at 479–80, 594 A.2d at 284–85. No such restriction exists under the federal system. *See, e.g., United States v. Mueller*, 74 F.3d 1152 (11th Cir.1996); *United States v. Kelly*, 892 F.2d 255 (3d Cir.1989). As another example, the federal confrontation clause, unlike the face-to-face clause, allows for telephonic trial testimony of witnesses who are unavailable due to illness or pregnancy. *See generally United States v. Jacobs*, 97 F.3d 275, 282 (8th Cir.1996)(collecting cases).

record, may challenge the propriety of the original expungement order under the Criminal History Record Information Act, 18 Pa.C.S. §§ 9101–9181?